J-S47039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :      PENNSYLVANIA
  :
v.   :
  :
  :
NAEEM JONES   :
  :
Appellant   :   No. 9 EDA 2024

Appeal from the PCRA Order Entered December 4, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006591-2007

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY BECK, J.:            **FILED MARCH 20, 2025**

Naeem Jones ("Jones") appeals pro se from the order entered by the Philadelphia County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Because Jones filed an untimely PCRA and failed to establish an exception to the statutory time bar, we affirm.

In August 2008, a jury convicted Jones of first-degree murder and possessing instruments of crime. Jones' convictions stemmed from the death of Steven Bartley ("Bartley"), who died after sustaining nine to twelve gunshot wounds fired from two semi-automatic weapons outside Big Fella's Sports Bar on February 20, 2006. On the night of the shooting, Jones and his friends had

_____

[1] 42 Pa.C.S. §§ 9541-9546.

argued with Bartley and Bartley's friend Terrance Speller ("Speller"). One of the arguments started after James Frager ("Frager") encountered Speller attacking Kamira Woods ("Woods") in the men's bathroom of Big Fella's. Woods and Jones used to be involved until Woods ended the relationship due to Jones' abuse. According to Frager, he saw Jones and others arguing with Speller and Bartley about the incident with Woods. The argument moved to the sidewalk outside the bar. As Frager got into his car, he heard gunshots and observed Jones and others standing over Bartley immediately afterwards.

Woods gave two statements to police. In her February 21, 2006 statement, she did not refer to Jones. In her November 3, 2006 statement, Woods overcame her fears about Jones' history of violence and implicated him in Bartley's murder. Woods told police that she observed Jones point and shoot a gun at Bartley multiple times.

In early November 2006, Jones's friend Vincent Dickerson ("Dickerson") gave a statement to police wherein he stated that Jones had confessed to him that he had shot a man at the bar that night. Police arrested Jones shortly thereafter.

At the August 2008 jury trial, Woods was not cooperative at times, prompting the trial court to warn Woods that it would find her in contempt of court if she did not answer questions. N.T., 8/21/2008, at 42-50. Woods testified that she did not see Jones outside of the bar and did not otherwise recall much from the incident. *See id*. at 8. She remembered giving

statements to police in 2006 but testified that she did not remember anything that she told police because she was using embalming fluid multiple times a day at that point, which made her lose her memory and "[ate] up her brain." *Id*. at 65-66. At one point, when the prosecutor read the statements that Woods provided to police, Woods pointed to factual differences between her statements and stated, "The detectives made this whole thing up and had me sign some shit that I didn't even read." *Id.* at 62.

When the prosecutor presented Dickerson's police statement to him on the stand, he testified that police fabricated his statement. N.T., 8/22/2008, at 183 (testifying that an unspecified officer "wrote [the statement] up and made me sign it."). Detective Dove did not testify at trial, but other police officers testified about obtaining the statements from Woods and Dickerson and denied that the statements were coerced.

Ultimately, the jury found Jones guilty of first-degree murder and possessing an instrument of crime, and the trial court sentenced Jones to life in prison without parole. This Court affirmed Jones' judgment of sentence, and our Supreme Court declined further review. *Commonwealth v. Jones*, 3389 EDA 2010 (Pa. Super. Nov. 15, 2011) (non-precedential decision), *appeal denied*, 42 A.3d 291 (Pa. 2012).

Jones pro se filed a timely PCRA petition on December 21, 2012. Following the appointment of counsel and a hearing, the PCRA court dismissed the petition in 2016, and Jones' appeal was unsuccessful. *See*

*Commonwealth v. Jones*, 1432 EDA 2016, 2017 WL 1405999 (Pa. Super. Apr. 19, 2017) (non-precedential decision), *appeal denied*, 174 A.3d 568 (Pa. 2017).

Jones filed the instant PCRA petition pro se on September 25, 2023, claiming that he was entitled to relief on the merits based upon after-discovered evidence and the Commonwealth's failure to comply with *Brady v. Maryland*, 373 U.S. 83 (1963).[2] *See* PCRA Petition, 9/25/2023, at 2. Although he filed the petition more than a year after the date of final judgment, he contended that he could satisfy the newly-discovered fact exception to the PCRA's time bar. *See id.* at 3 (invoking 42 Pa.C.S. § 9545(b)(2)). Specifically, Jones averred that on September 3, 2023, he learned that the Philadelphia Police Department had sanctioned Detective Dove, the lead detective in his case, with a two-day suspension for sending "threatening and harassing text messages." PCRA Petition, 9/25/2023, at 3-4. Jones averred that he learned this information from a casual conversation with another inmate, Dominic Peoples. *Id.* at 4. Jones indicated that Peoples' lawyer had sent him documentation of the misconduct, and he attached the

---

[2] Jones' petition alleges that his conviction was based upon two separate substantive grounds for relief. *See* 42 Pa.C.S. § 9543 (a)(2)(i) ("A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."), (vi) ("The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.").

documentation to his petition as Exhibit B. *Id.* The exhibit consisted of a two-page document entitled "PHILADELPHIA POLICE DEPARTMENT MISCONDUCT DISCLOSURE." *Id.* at Exhibit B. Portions of the disclosure are redacted, but the remainder indicate that a staff inspector in the internal affairs division sustained allegations that on February 5 and 11, 2008, Detective Dove sent "several harassing text messages" to a person to whom Detective Dove believed was romantically involved with his wife and was responsible for the dissolution of his marriage. *Id.* Detective Dove admitted to the misconduct and served a two-day suspension. *Id.* The date of the internal hearing was September 3, 2008, shortly after the conclusion of Jones' trial but before he was sentenced. *Id.* Jones asserted that two unnamed witnesses at his trial had accused Detective Dove of coercing their statements to police through threats. *Id.* at 3.[3]

The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907(1), explaining that the petition was untimely filed, and, alternatively, lacked

_____

[3] We note that Jones' petition relies solely upon the 2008 misconduct finding and sanction. It neither relied upon Detective Dove's subsequent misconduct that resulted in his conviction for multiple criminal offenses and the termination of his employment, *see Commonwealth v. Johnson*, 179 A.3d 1105, 1122 n.9 (Pa. Super. 2018), nor any of the other misconducts or incidents involving Detective Dove that Jones improperly attempts to bring to our attention via attachments to his appellate brief. *See Commonwealth v. Bishop*, 266 A.3d 56, 67 (Pa. Super. 2021) (noting that this Court cannot consider arguments or evidence on appeal that was not presented to the PCRA court in the first instance).

merit. Rule 907 Notice, 10/26/2023, at 1. Regarding the timeliness of the petition, the PCRA court noted the passage of time between Detective Dove's 2008 sanction and Jones' 2023 discovery of the sanction and decided, without further analysis, that Jones "made no effort to obtain the information throughout the years." *Id.* at 2-3. Because Jones did not exercise due diligence in discovering the information, the PCRA court concluded that Jones failed to establish the newly-discovered facts exception to the PCRA's jurisdictional time bar. *Id.*

In his response, Jones argued that he could not have ascertained the fact of Detective Dove's internal misconduct earlier because the Commonwealth had exclusive possession of Detective Dove's personnel file, and he had no reason to know that the evidence existed until 2023. Response to 907 Notice, 11/15/2023, at 2-3. According to Jones, although the Commonwealth disclosed the 2008 suspension in 2020 to Peoples' counsel in an unrelated matter, Jones had no reason to know about Detective Dove's internal misconduct until Peoples mentioned it to him when they were incarcerated together in 2023. *Id.* at 2. Further, Jones insisted that he exercised diligence, including by requesting all *Brady* materials from the Conviction Integrity Unit of the district attorney's office in 2019, but the Commonwealth kept the information concealed. *Id.* at 3.

Jones' response also elaborated upon his claims. He identified Woods and Dickerson as the two witnesses referred to in his petition who accused

Detective Dove of coercing them to sign false statements. *Id.* at 4. According to Jones, Woods testified that Detective Dove forced her to sign a statement that she did not read, and Dickerson testified that Detective Dove threatened to send Dickerson back to jail if he did not sign the false statement while holding Dickerson's probation file in his hands. *Id.* (citing N.T., 8/22/2008, at 62-66 and N.T., 8/21/2008, at 183-212).[4] Jones asserted that, if he had known about Detective Dove's "history of threatening people," he could have called Detective Dove as a witness at his trial and impeached him, which would have bolstered the testimony of Woods and Dickerson and caused the jury to believe that Detective Dove coerced their false statements through threats. *Id.* The PCRA court dismissed Jones's PCRA petition on December 14, 2023. Jones timely filed a notice of appeal. The PCRA court did not order Jones to file a concise statement of matters complained of on appeal but issued an opinion pursuant to Pa.R.A.P. 1925(a).

As Jones recognizes, the threshold issue that we must determine is whether he timely filed his PCRA petition, or meets a timeliness exception, as the timeliness requirement is "mandatory and jurisdictional in nature." *Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016). If a PCRA is untimely filed, and no exception applies, neither the trial court nor the

---

[4] We observe that Jones' recounting of the testimony is not quite accurate. Neither witness identified Detective Dove by name and Woods referred only to her drug use, not threats, when testifying that she did not give the statement the police had her sign.

appellate courts have jurisdiction over the petition. *See Commonwealth v. Reid*, 235 A.3d 1124, 1143 (Pa. 2020). "As the timeliness of a PCRA petition is a question of law, our standard of review is de novo and our scope of review is plenary." *Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

All PCRA petitions, including second or subsequent petitions, must be filed within one year of the date when the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). The petitioner can only overcome this jurisdictional time bar by pleading and proving one of three statutory exceptions to the general timeliness requirement codified at 42 Pa.C.S. § 9545(b)(1)(i)–(iii). *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). Additionally, a PCRA petition relying upon these statutory exceptions must be "filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). The petitioner bears the burden to allege and prove that one of the timeliness exceptions applies. *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

Jones does not dispute that his petition is patently untimely, having been filed over a decade after his sentence became final.[5] Jones' petition

_____

[5] Jones' judgment of sentence became final in 2012, ninety days after our Supreme Court denied his petition for allowance of appeal and the time for filing a writ of certiorari to the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3) (providing that a judgment becomes final for purposes of the PCRA at the conclusion of direct review or at the expiration of time for
*(Footnote Continued Next Page)*

- 8 -

relies instead upon the newly discovered facts exception to the one-year time bar. PCRA Petition, 9/25/2023, at 3.[6] This exception "renders a petition timely when the petitioner establishes that 'the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence.'" *Commonwealth v. Small*, 238 A.3d 1267, 1271 (Pa. 2020) (quoting 42 Pa.C.S. § 9545(b)(1)(ii)). Whether facts are unknown to the petition and whether the petitioner could have discovered the facts with due diligence is "a circumstance-dependent analysis of the petitioner's knowledge, not that of the public at large." *Id.* at 1283. Further, whether a petitioner has satisfied the newly discovered facts exception in section 9545(b)(1)(ii) is "analytically distinct" from the merits of a substantive after-discovered evidence claim in section 9543(a)(2)(vi). *Commonwealth v. Robinson*, 185 A.3d 1055, 1059 (Pa. Super. 2018) (en banc) (citing *Commonwealth v. Bennett*, 930 A.2d 1264, 1270-72 (Pa. 2007)). As such, the newly discovered facts exception "does not necessitate

_____

seeking direct review); Sup. Ct. R. 13(1) (establishing the deadline for filing a writ of certiorari seeking review of a state court judgment as ninety days after a state court of last resort entered an order denying discretionary review).

[6] Jones references an additional time bar exception in his brief—the government interference exception—but he invoked only the newly discovered evidence exception in his petition. Thus, we cannot consider other time bar exceptions. *See Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007) ("[E]xceptions to the [PCRA] time bar must be pled in the petition and may not be raised for the first time on appeal.").

proof of the elements of a claim of after-discovered evidence." ***Small***, 238 A.3d at 1286.

"Due diligence demands that the petitioner take reasonable steps to protect his own interests." ***Commonwealth v. Williams***, 324 A.3d 569, 576 (Pa. Super. 2024) (citation omitted). "A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted). However, when examining due diligence, we bear in mind that it "does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort to obtain the information upon which a claim is based." ***Commonwealth v. Cox***, 146 A.3d 221, 230 (Pa. 2016) (quotation marks and citation omitted).

On appeal, Jones argues that he could not have ascertained the information about Detective Dove's sanction earlier even with due diligence because the information was in the Commonwealth's possession and the Commonwealth failed to comply with its duty under ***Brady*** to provide documentation of Detective Dove's sanction to Jones. Jones' Brief at 12-13. Nevertheless, Jones insists that he did attempt to obtain ***Brady*** material from the Commonwealth. ***Id.*** at 12.

In its Rule 1925 opinion, the PCRA court maintained its conclusion that Jones did not exercise due diligence. The PCRA court stated that Jones

provided no proof that the Commonwealth released the 2008 misconduct to Peoples in 2020, and even if that was true, that "another defendant had possession of this information since that time" establishes that Jones also could have discovered the same fact by making a reasonable effort to discover it. PCRA Court Opinion, 12/4/2023, at 6. Thus, the PCRA court concluded that Jones "did not provide any explanation as to why he could not have discovered this information earlier by making a reasonable effort to discover it," and ruled that Jones' petition was untimely. PCRA Court Opinion, 12/4/2023, at 7.

We disagree with the PCRA court's rationale because it is inconsistent with *Small*. *Small* instructs that the plain language of the statute requires the PCRA court to analyze the petitioner's knowledge and circumstances, not the knowledge of the public. *See Small*, 238 A.3d at 1283. Simply because another inmate was able to obtain documentation of Detective Dove's misconduct says nothing about whether **Jones** exercised due diligence in obtaining the same documentation. Nor does the mere passage of time by itself establish that Jones was not diligent.

However, Jones' primary argument concerning due diligence also misses the mark. Jones claims that because the Commonwealth bore the burden of providing information to him under *Brady*, it was not up to him to seek out the information. Jones' Brief at 12-13. But to invoke the PCRA court's jurisdiction to examine the *Brady* claim in the first place under the newly

- 11 -

discovered facts exception, Jones must show that he has been duly diligent in gathering facts to support his claim for post-conviction collateral relief.

Jones' contention that the Commonwealth controls the disclosure of information such as misconduct in a police officer's personnel file is well taken. *See* Jones' Brief at 12-13; Response to Rule 907 Notice at 3.  In some cases, not looking for discovery of police misconduct until it turns up out of the blue may be reasonable and satisfactorily prove that the petitioner could not have learned about the fact earlier with the exercise of due diligence.  *See, e.g., Commonwealth v. Medina*, 92 A.3d 1210 (Pa. Super. 2014) (en banc) (holding that Medina did not fail to exercise due diligence by not proactively approaching an eyewitness who later recanted his trial testimony; due diligence does not require a petitioner to engage in a "fishing expedition" to ascertain why an eyewitness lied when the petitioner had no reason to suspect that the witness might change his story or that police coerced witness' statement).  In this case, though, because Jones claims that Woods and Dickerson testified at trial that police threatened and coerced their statements, Jones had reason to investigate Detective Dove's conduct further. *See, e.g., Robinson*, 185 A.3d at 1064 (holding that because counsel's ineffectiveness based upon his drug-addicted state would have been "obvious" to petitioner at the time of his plea, petitioner "bore the duty to seek out the facts that would support any such claim").

Therefore, it was incumbent upon Jones to provide information concerning the reasonable efforts he expended to obtain facts to support his claim. *See Brown*, 111 A.3d at 176. Recognizing this, Jones alternatively contends that he did expend reasonable efforts in an attempt to obtain the information because his PCRA counsel requested *Brady* material from the Commonwealth in 2015 and 2019.[7] Jones' Brief at 12; *see* Response to Rule 907 Notice (referencing and attaching counsel's *Brady* request in his response to the PCRA court's notice of intent to dismiss his petition without a hearing). Neither the PCRA court nor the Commonwealth expressly discuss Jones' proffered effort or explain why it was not sufficient. Without any other information in the record indicating that Jones knew or should have known about an internal sanction for misconduct that was housed in Detective Dove's personnel file, it is difficult to envision what additional reasonable efforts Jones could have expended to obtain documentation of the misconduct that Jones did not know existed until a chance conversation with Peoples. *See Cox*, 146 A.3d 221 at 230 (noting that due diligence requires "a reasonable effort," not "perfect vigilance and punctilious care"). Thus, we disagree with the PCRA

---

[7] In his brief, Jones expounds upon his due diligence, adding that he filed a public records request seeking information regarding the officers on his case in 2023. Because Jones did not describe this effort to the PCRA court, we cannot consider this information. *See* Pa.R.A.P.302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

court's conclusion that Jones did not plead and prove facts to establish the due diligence portion of the newly-discovered facts exception.

Nevertheless, we agree with the PCRA court's conclusion that Jones did not meet his burden to pled and prove this exception to the jurisdictional time-bar. *See Commonwealth v. Parker*, 249 A.3d 590, 595 (Pa. Super. 2021) ("[A]s an appellate court, we may affirm on any legal basis supported by the certified record."). Jones' attempt to invoke the newly-discovered fact exception to the jurisdictional time bar fails because he did not plead and prove that "the facts upon which the claim is predicated were unknown to the petitioner." 42 Pa.C.S. § 9545(b)(1)(ii). Further, although "we need not find a 'direct connection' between the newly-discovered facts and the claims asserted by a petitioner, the statutory language requires there be some relationship between the two." *Commonwealth v. Shannon*, 184 A.3d 1010, 1017 (Pa. Super. 2018).

Here, the predicating fact that Jones says he discovered is Detective Dove's suspension for sending "threatening and harassing text messages." PCRA Petition, 9/25/2023, at 3-4; *see also* Response to 907 Notice at 1. The crux of Jones' constitutional error and after-discovered evidence claims is that had Jones been aware of Detective Dove's "history of threatening people" at the time of trial, he could have impeached the police witnesses or used a trial strategy that would have caused the jury to believe that Detective Dove "did exactly what [Woods and Dickerson] said he did: **threatened them into**

**signing false statements against Jones**." Response to Rule 907 Notice at 4-5 (emphasis in original). While Jones' constitutional error and after-discovered evidence claims appear to be predicated upon the newly-discovered fact for jurisdictional purposes, this is only so because Jones overstates the nature of his discovery. Jones repeatedly refers to the misconduct as involving text messages that were threatening and relies upon the attached misconduct form to establish this newly discovered fact. Yet the misconduct form does not refer to threats at all. Thus, regardless of his allegations, Jones did not actually discover that Detective Dove had previously engaged in threatening behavior. Instead, what he discovered was that Detective Dove sent **harassing** text messages to the person who he suspected was romantically involved with his wife and that this behavior warranted a two-day suspension. Because Jones' claimed newly-discovered fact is not actually what he claims it to be, he has not established "the existence of a previously unknown fact that would allow him to avoid the strict one year time-bar." **See Cox**, 146 A.3d at 229 n.11. Therefore, we affirm the dismissal of Jones' untimely petition based upon the lack of jurisdiction, albeit for reasons that differ from the PCRA court's analysis. **See Shannon**, 184 A.3d at 1017 (finding appellant did not meet newly-discovered fact timeliness exception where he fails to establish any connection between the alleged facts and his case).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/20/2025