J-S27003-24

2024 PA Super 218

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAHIMEL WILLIAMS | : | |
| | : | |
| Appellant | : | No. 2320 EDA 2023 |

Appeal from the PCRA Order Entered August 23, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001329-2016

BEFORE: LAZARUS, P.J., NICHOLS, J., and COLINS, J.*

OPINION BY LAZARUS, P.J.: **FILED SEPTEMBER 20, 2024**

Jahimel Williams appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The PCRA court set forth the facts of this matter as follows:

On October 31, 2015, shortly after 9:00 pm, [Sergeant] Matthew White and his partner were traveling southbound on 23rd Street at [its intersection with] Tasker Street [in the City of Philadelphia] when he noticed a white 2016 Jeep Grand Cherokee traveling westbound on Tasker Street across 23rd Street. [Sergeant] White testified that the vehicle had "extremely dark" tint on the side and rear windows. A[ mobile data terminal] scan of the vehicle's license plates returned that it was a rental vehicle. The officers attempted to stop the vehicle at the 2500 block of Tasker Street, but the vehicle did not immediately stop despite several opportunities to do so. [Sergeant] White testified that this

_____

* Retired Senior Judge assigned to the Superior Court.

"heightened [his] suspicion." The officers eventually stopped the vehicle at 26th [] and Dickinson Street[s].

[Sergeant] White and his partner approached the driver's side and front passenger side windows, respectively. Robert McCrae [] was the driver, [Williams] was seated behind the driver's seat, and an unidentified third passenger was seated in the front passenger seat. [Sergeant] White then obtained [McCrae's] information. [Sergeant] White testified that he had intended to remove and frisk the occupants of the vehicle due to the totality of events that led to the stop, citing several reasons: 1) the [location] is a high crime area; 2) the vehicle had an excessive amount of tint; 3) the "long delay" between the first attempt to stop the vehicle and when it finally did stop; and 4) the fact that it was a rental vehicle with excessive tint. Specifically, [Sergeant] White testified that[,] due to the excessive tint on the vehicle['s windows], he would not be able to maintain observation of the occupants should he return to his vehicle to check [McCrae's] information.

As [Sergeant] White removed [McCrae] from the car, he observed a small, translucent container fall from [McCrae's] lap and land on the floorboard. [Sergeant] White testified that its contents appeared to be marijuana. He immediately placed [McCrae] under arrest and summoned additional police units to assist with the removal of [Williams] and [the] third passenger. Once [McCrae] was secured in the back of the police vehicle, [Sergeant] White returned to inspect the container that had fallen from [McCrae's] lap and verified that it did, in fact, contain marijuana. [Williams] and [the] third passenger were removed from the vehicle and placed in separate police cars. [Sergeant] White then proceeded to inspect the car and noticed some loose paneling on the center console. He knew from his training and experience that natural voids frequently exist within this area of the vehicle where firearms and narcotics are often hidden. As [Sergeant] White further inspected the area, he felt a thick cloth beneath the paneling that was not part of the vehicle. He removed a sock with a single bullet wrapped inside of it.

[Sergeant] White testified that the bullet "heightened [his] suspicion" that a firearm was in the vehicle. He proceeded to inspect an air vent with a loose panel, misaligned grates, and an attached air freshener. He recovered a plastic bag containing 133 clear bags of heroin stamped "Monroe," a loaded firearm, and a torn piece of black cloth. He also recovered six cell phones from inside the vehicle and a car rental agreement in [Williams'] name.

- 2 -

Finally, the officers searched all of the passengers and recovered a cell phone and $202 from [McCrae], a cell phone (but no money) from [Williams], and $544 from the third passenger.

PCRA Court Opinion, at 3-5 (citations omitted)

Williams was arrested and charged with numerous offenses. Following a non-jury trial, the Honorable Glynnis D. Hill convicted Williams of possession with intent to deliver ("PWID"), possession of a firearm prohibited, firearms not to be carried without a license, carrying a firearm in public, carrying a loaded weapon, and possession of a controlled substance. On September 15, 2017, the court sentenced Williams to a term of 5 to 10 years' incarceration for PWID, followed by 5 years of probation for possession of firearm prohibited. The court imposed no further penalties on the remaining convictions.

Williams filed a notice of appeal to this Court, which affirmed his judgment of sentence on October 22, 2019. *See Commonwealth v. Williams*, 955 EDA 2018 (Pa. Super. filed Oct. 22, 2019) (unpublished memorandum decision). Williams did not file a petition for allowance of appeal to the Pennsylvania Supreme Court. Thus, for purposes of the PCRA, Williams' judgment of sentence became final on November 21, 2019, when the time for filing a petition for allowance of appeal expired. *See* Pa.R.A.P. 1113; 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final at conclusion of direct review or at expiration of time for seeking review). As such, Williams had until November 21, 2020, to file a timely PCRA petition. *See id.* at §

9545(b)(1) (any PCRA petition, including second or subsequent petition, shall be filed within one year of date judgment of sentence becomes final).

On May 2, 2022, Williams filed a *pro se* PCRA petition, in which he alleged, *inter alia*, that he had originally mailed his PCRA petition to the Clerk of Courts on July 7, 2020, via First Class U.S. Mail. **See** *Pro Se* PCRA Petition, 5/2/22, at 3. He further stated that,

> [i]n November 2020, after having a family member check the docket online, it was discovered that the first PCRA [petition] was never docketed[,] and this copy is being sent certified registered mail with return receipt under the timeliness exception for interference by government.

***Id.***

On July 14, 2022, Williams filed an "Application for Relief," which the court docketed as an amended PCRA petition. On November 23, 2022, Williams filed a second amended petition, this time represented by counsel, in which he alleged that: (1) trial counsel was ineffective for failing to properly represent him and for violating the Rules of Professional Conduct; (2) appellate counsel was ineffective for failing to file a petition for allowance of appeal to the Supreme Court; and (3) he is entitled to a new trial based on after-discovered evidence. **See** Second Amended PCRA Petition, 11/23/22, at ¶ 18.

With regard to his after-discovered evidence claim, Williams asserted that, on August 30, 2022, the Philadelphia District Attorney's Office sent his PCRA counsel a police misconduct disclosure notice involving Sergeant White, who admitted to, and was officially reprimanded for, intentionally striking

someone with his vehicle to prevent him from fleeing. *See* Memorandum of Law in Support of Second Amended PCRA Petition, 11/23/22, at 19. Williams asserted that Sergeant White's "role in the case is major" and his "testimony was very influential in proving [Williams'] guilt." *Id.* at 19-20. Accordingly, Williams claimed that the outcome of his trial would have been different had evidence of Sergeant White's misconduct been presented at trial. *Id.* at 20.

On March 22, 2023, the Commonwealth filed a motion to dismiss Williams' PCRA petition. In its motion, the Commonwealth stated that it did not oppose an evidentiary hearing to determine whether a time-bar exception applied to Williams' facially untimely ineffectiveness claims. The Commonwealth further argued that, while Williams arguably met the newly-discovered facts exception to the time bar, the underlying after-discovered evidence claim involving Sergeant White's misconduct failed on its merits.

On April 10, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Williams' petition. In its Rule 907 notice, the court found that Williams' claim regarding the misconduct disclosure as to Sergeant White satisfied the newly-discovered facts exception to the time bar, but that the underlying after-discovered evidence claim failed on its merits. With respect to Williams' claim that the governmental interference exception to the time bar rendered his ineffectiveness claims timely, the court stated as follows:

> [Williams] claims that his [ineffectiveness] claims meet the timeliness exception enumerated in 42 Pa.C.S.[A.] § 9545(b)(1)(i), alleging that the timely filing of his [p]etition was frustrated by governmental interference. However, the earliest documentary evidence presented by [Williams] on this point is the

December 27, 2021 letter to Judge [Sheila] Woods-Skipper[,] in which [Williams] claims to have filed two prior petitions on July 7 and December 3, 2020. While [Williams] asserts that he sent the [p]etition on December 3, 2020[,] via certified mail and has the receipts, the December 3, 2020[,] receipts are not attached [to his petition]. Therefore, the only evidence that the [c]ourt could consider to find that [Williams] timely filed his initial petition on July 7, 2020[,] or that he sent a second [p]etition via certified mail on December 3, 2020[, consists of] his own assertions.

Nevertheless, **in fairness to [Williams**], it should be noted that the [c]ourt does recall the poor state of both the postal service and the First Judicial District's filing systems during the Covid-19 pandemic, specifically during 2020 and 2021. At that time, it was not uncommon for pleadings to be misfiled or lost in the mail. For this reason, **the [c]ourt will address the merits of each of [Williams'] claims regardless of whether his [p]etition was timely**.

Rule 907 Notice, 4/10/23, at 2-3 (unpaginated; emphasis added).

Thus, the court addressed Williams' ineffectiveness claims, ultimately finding them to be meritless. On August 23, 2023, the court dismissed Williams' petition without a hearing. This timely appeal follows, in which Williams raises the following claims for our review:

1. Whether the PCRA court erred in denying [Williams'] PCRA petition without an evidentiary hearing on the issues presented in the [second] amended PCRA petition.

    A. Whether trial counsel was ineffective for failing to properly represent [Williams].

    B. Whether app[elate] counsel was ineffective for failing to file a [petition for allowance of appeal].

    C. Whether [Williams] is entitled to a new trial based on newly-discovered evidence of police misconduct.

Brief of Appellant, at 7.

Prior to addressing Williams' claims, we must determine whether the PCRA court possessed jurisdiction to consider Williams' petition. The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final unless the petitioner alleges, and proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii), is met.[1] A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claims could have been presented. *See id.* at § 9545(b)(2).

_____

[1] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

As noted above, Williams' judgment of sentence became final on November 21, 2019, at the expiration of the 30-day period for filing a petition for allowance of appeal with our Supreme Court. **See id.** at § 9545(b)(3); Pa.R.A.P. 1113. Thus, Williams had until November 21, 2020, to file a timely PCRA petition. Williams' instant PCRA petition was filed on May 2, 2022, nearly 2½ years after his judgment of sentence became final. Accordingly, Williams' petition is untimely, unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Here, with respect to his ineffectiveness claims, Williams asserts that the governmental interference exception under section 9545(b)(1)(i) renders his petition timely, as he attempted to file his petition in July 2020, but it was either never delivered to, or never docketed by, the clerk of courts. However, as the PCRA court noted in its Rule 907 notice, Williams presented no evidence that he mailed his petition in July 2020. Nevertheless, the court chose to overlook Williams' failure to plead and prove that he mailed his petition, as the court "recalled" that, at the time Williams purported to have mailed his petition, "it was not uncommon for pleadings to be misfiled or lost in the mail." Rule 907 Notice, 4/10/23, at 3 (unpaginated). Accordingly, the court addressed the merits of Williams' ineffectiveness claims. The court did so in error.

It is well-settled that "[t]he [PCRA] timeliness requirement is mandatory and jurisdictional; therefore, no court may disregard, alter, **or create**

**equitable exceptions** to the timeliness requirement in order to reach the substance of a petitioner's arguments." ***Commonwealth v. McKeever***, 947 A.2d 782, 784–85 (Pa. Super. 2008) (emphasis added). Here, the PCRA court cited no authority—and we can find none—that would allow a court to take judicial notice of purported inefficiencies in either the U.S. Postal Service or the office of the clerk of courts to overlook the jurisdictional time bar. ***See Commonwealth v. Eller***, 807 A.2d 838, 845 (Pa. 2002) ("The PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act."). It was Williams' burden to plead **and** prove that he timely attempted to file his PCRA petition. Despite this requirement, Williams did not attach to his petition, or any of the amendments thereto, copies of certified mail receipts or prisoner cash slips evidencing the fact that he mailed his petition in a timely manner. ***See, e.g.***, ***Smith v. Pennsylvania Bd. of Prob. & Parole***, 683 A.2d 278, 282 (Pa. 1996) (cash slip may be considered as evidence of timely filing by *pro se* prisoner); ***Commonwealth v. Gregory***, 240 A.3d 205 (Pa. Super. 2020) (Table) (affirming PCRA court's factual finding that petition was timely filed on basis of cash slip attached to PCRA petition)[2]. Accordingly, the

---

[2] Pursuant to Pa.R.A.P. 126(b), unpublished memorandum decisions of this Court filed after May 1, 2019 may be cited for their persuasive value.

PCRA court erred in reviewing the merits of Williams' ineffectiveness claims and, instead, should have dismissed them as untimely.[3]

Williams also invokes the newly-discovered fact exception to the time bar, set forth in section 9545(b)(1)(ii), with respect to his claim concerning the disciplinary action taken against Sergeant White. The newly-discovered facts exception "renders a petition timely when the petitioner establishes that 'the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence.'" *Commonwealth v. Small*, 238 A.3d 1267, 1271 (Pa. 2020), quoting 42 Pa.C.S.A. § 9545(b)(1)(ii). A PCRA court first must determine "whether the facts upon which the claim is predicated were unknown to the petitioner[.]" *Id.* at 1282 (quotation marks omitted). If the PCRA court concludes that the facts were unknown, then the PCRA court must next examine whether "the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records." *Id.* (citation and quotation marks omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015). Additionally, the claim must be filed within one year of the date the claim could have been presented as required by section 9545(b)(2). The newly-discovered fact exception "does not require any merits analysis of the underlying claim," and application of the time-bar

_____

[3] We note that we may affirm a decision of the trial court affirmed on any valid basis appearing of record. *In re T.P.*, 78 A.3d 1166, 1170 (Pa. Super. 2013).

exception therefore does not necessitate proof of the elements of a claim of after-discovered evidence. *Small*, 238 A.3d at 1286 (citation omitted).

Here, we concur with the PCRA court that Williams' claim satisfies the newly-discovered facts exception to the time bar under section 9545(b)(1)(i). The district attorney sent the notification to counsel on August 30, 2022, and Williams could not have discovered the evidence of Sergeant White's misconduct prior to receipt of that notification. Moreover, counsel filed a second amended PCRA petition on November 23, 2022, well within the one-year window contemplated by section 9545(b)(2). Accordingly, the PCRA court properly concluded that it had jurisdiction to consider the merits of Williams' underlying substantive claim.

In rejecting Williams' after-discovered evidence claim, the PCRA court reasoned as follows:

> [Williams'] third claim is that the [c]ourt erred when it dismissed his [PCRA p]etition [] because he is entitled to a new trial based on newly discovered "exculpatory evidence." This claim lacks merit because [Williams] failed to demonstrate that the proffered evidence is exculpatory.
>
> To obtain relief via after-discovered evidence, the evidence must 1) have been discovered after the trial (or could not have been discovered before or during the trial with due diligence), 2) not be merely corroborative or cumulative, 3) not be used solely for impeaching a witness's credibility, and 4) would likely result in a different verdict if introduced in a new trial. *Commonwealth v. Brosnick*, 607 A.2d 725[, 728] (Pa. 1992). To support this claim, [Williams] stated that he received a police misconduct disclosure notice from the District Attorney's Office on August 30, 2022[,] relating to Sergeant Matthew White (the arresting officer in this case). The report indicates that Sergeant White violated police policies when he struck a suspect fleeing on a bicycle with his

- 11 -

police vehicle. However, [Williams] failed to explain why this particular misconduct impacts his case or would result in a different verdict. Moreover, all the evidence supporting [Williams'] conviction can be corroborated by Sergeant White's partner, Officer Diaz-Avada.[4]

Officer Diaz-Avada was present when [Williams] was arrested and has no record of misconduct. Since [Williams] cannot explain how this misconduct report is exculpatory, his [] claim must be dismissed.

PCRA Court Opinion, at 9-10 (citation to record omitted).

We agree with the PCRA court's conclusions. In his memorandum of law supporting his second amended petition, Williams baldly averred that "he has certainly established by a preponderance of the evidence a *prima facie* case that [trial] would have concluded in a different result had the newly-discovered evidence been offered" because Sergeant White's "role in the case is major" and his "testimony was very influential in proving [Williams'] guilt." Memorandum of Law in Support of Second Amended PCRA Petition, 11/23/22, at 19-20. However, Williams did not explain specifically how the evidence would change the result of his trial, nor did he address the factors necessary to prevail on an after-discovered evidence claim. **See Brosnick**, **supra**.

Assuming, *arguendo*, that Williams intended to use the misconduct report to impeach Sergeant White's credibility,[5] we note that "a defendant seeking a new trial must demonstrate that he will not use the alleged after-discovered evidence solely to impeach the credibility of a witness."

---

[4] Officer Diaz-Avada's first name does not appear in the certified record.

[5] Indeed, we can discern, and Williams has suggested, no other relevant purpose for this evidence to be admitted in this case.

*Commonwealth v. Padillas*, 997 A.2d 356, 365 (Pa. Super. 2010). Moreover, as the PCRA court aptly noted, all the evidence supporting Williams' conviction could be corroborated by Sergeant White's partner, Officer Diaz-Avada, who was also present for the events leading to Williams' convictions. Accordingly, Williams has failed to demonstrate that the evidence of Sergeant White's misconduct would not be used solely for purposes of impeachment or that a different verdict would likely result if the evidence were admitted at trial. As such, the PCRA court properly denied relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/20/2024