**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER HANSON | : | |
| | : | |
| Appellant | : | No. 252 EDA 2025 |

Appeal from the PCRA Order Entered November 20, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0001582-1983

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER HANSON | : | |
| | : | |
| Appellant | : | No. 1498 EDA 2025 |

Appeal from the PCRA Order Entered November 20, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0000421-1984

BEFORE:  BOWES, J., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY BECK, J.:          **FILED FEBRUARY 24, 2026**

Christopher Hanson ("Hanson") appeals pro se from the order entered by the Lehigh County Court of Common Pleas dismissing his serial petition and denying his motions for discovery and DNA testing filed pursuant to the Post

---

[*] Retired Senior Judge assigned to the Superior Court.

Conviction Relief Act ("PCRA").[1] Because Hanson filed an untimely PCRA petition, failed to establish an exception to the statutory time bar, and failed to develop his claim for DNA testing in his brief, we affirm.

This Court has recounted the facts and procedural history of Hanson's case many times in prior appeals. Briefly, the Commonwealth charged Hanson at docket number CP-39-CR-0001582-1983 (murder and conspiracy charges) and docket number CP-39-CR0000421-1984 (rape charge), in connection with the rape and murder of his victim. The cases were consolidated for trial. Prior to trial, Hanson's co-defendant, Timothy Seip ("Seip"), entered a guilty plea to third-degree murder pursuant to a plea agreement under which Seip agreed to testify against Hanson. On June 14, 1984, the jury convicted Hanson of second-degree murder, rape, and conspiracy to commit murder. On January 30, 1986, the trial court sentenced Hanson at both docket numbers to an aggregate term of life imprisonment. In 1987, this Court affirmed Hanson's judgment of sentence on direct appeal, and our Supreme Court denied allowance of appeal on March 23, 1988. *See Commonwealth v. Hanson*, 534 A.2d 130 (Pa. Super. 1987) (non-precedential decision), *appeal denied*, 544 A.2d 1341 (Pa. 1988). Between 1988 and 2021, Hanson filed approximately sixteen petitions for post-conviction collateral relief, none of which garnered him relief from his life sentence. *See Commonwealth v.*

_____

[1] 42 Pa.C.S. §§ 9541-9546.

J-S41027-25

*Hanson*, 596-597 EDA 2022, 296 A.3d 641 (Pa. Super. 2023) (non-precedential decision) (affirming dismissal of Hanson's sixteenth PCRA petition as untimely filed).

Hanson filed the instant PCRA petition on June 4, 2024, claiming that he was entitled to relief on the merits based upon after-discovered evidence and the Commonwealth's failure to comply with *Brady v. Maryland*, 373 U.S. 83 (1963).[2] *See* PCRA Petition, 6/4/2024, at 1. Although he filed the petition more than a year after the date his judgment of sentence became final, he claimed that he could satisfy the governmental interference and newly-discovered fact exceptions to the PCRA's time bar. *See id.* (invoking 42 Pa.C.S. § 9545(b)(1)(i)-(ii)).

In the petition, Hanson averred that in July 2023, he learned from a person named Wes L. Brown about a conspiracy between Hanson's co-defendant Seip and "John Doe," an unidentified person known as "Dead Eye," to shift the blame from Seip to Hanson. *Id.* at 3-4. According to Brown, Seip and Dead Eye agreed that Dead Eye would tell Deputy District Attorney Tomsho ("DDA Tomsho") that while they were detained in jail prior to

_____

[2] Hanson's petition alleges that his conviction was based upon two separate substantive grounds for relief. *See* 42 Pa.C.S. § 9543 (a)(2)(i) ("A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."), (vi) ("The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.").

- 3 -

Hanson's release on bail, Hanson confessed to murdering and raping the victim. *Id.* at 3. Brown further told Hanson that Dead Eye originally had an "unconsummated plea deal" to provide this testimony, in connection with Seip's plea deal, wherein Seip's attorney used his influence with the district attorney's office to conspire surreptitiously with DDA Tomsho to obtain a plea deal for Seip in exchange for Seip and Dead Eye implicating Hanson as the perpetrator against the weight of the evidence. *Id.* at 3-4. However, after Dead Eye retracted his statement and said that he would testify against Seip instead, DDA Tomsho had him removed from the courtroom, knowingly used false statements by Seip at trial, and withheld this information from Hanson. *Id.* at 4. Hanson recalls seeing a restrained person in the courtroom, but he claims DDA Tomsho's deception prevented Hanson from raising this claim until he learned about it from Brown in July 2023. *Id.* at 4. Hanson purported to attach a declaration from Brown swearing to these facts as Exhibit A to the petition. *Id.* at 18.[3]

Hanson's petition included a request for DNA testing, wherein he claimed that if the evidence in his case were to be tested, it would prove that Seip was the perpetrator, which would then leave Hanson free to argue that accomplice

_____

[3] It is not clear from the PCRA court's analysis whether it received this declaration in the first instance. No such declaration appears in the certified record attached as an exhibit or otherwise.

liability is unconstitutional pursuant to **Commonwealth v. Lee**, a case that is pending before the Supreme Court. **Id.** at 18-19.

While his petition was pending, Hanson filed a motion for discovery, requesting the name and case number of the witness in the courtroom but who did not testify; Hanson's "Homi[c]ide file"; the witness' sentencing transcripts, "any written statements by this witness to and from the police and prosecutor" and "letters and statements" to Seip's plea counsel by the witness; "any letters, memoralizations [sic] or contact with above inmate witness with [Seip's plea counsel], [DDA] Tomsho, police, and Court"; and "inmate cell logs and block at Lehigh County Prison from June 4,1984 to June 14,1984 the trial date of Hanson." Hanson's Motion for Discovery, 7/2/2024, ¶ 5. In support of the exceptional circumstances warranting such discovery, Hanson merely cited the Commonwealth's failure to comply with its **Brady** obligations. **Id.** ¶ 7.

The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907(1), explaining that the petition was untimely filed, and, alternatively, lacked merit. Rule 907 Notice, 8/07/2024, at 1. It rejected Hanson's attempts to establish either timeliness exception, explaining that Hanson did not offer any proof of Brown's existence or his alleged statements. **Id.** at 1-2 n.1. He also did not identify Dead Eye or provide proof that he conspired with the Commonwealth or Seip to provide false testimony. **Id.** at 2 n.1. Hanson's

efforts, the court explained, fell short of his burden at this stage. *Id.* Furthermore, even if timely, Hanson is not eligible for relief under 42 Pa.C.S. § 9543(a)(3), as he has previously litigated his theory that the Commonwealth conspired with Seip to falsify evidence to convict Hanson and cannot relitigate the same claim simply by cloaking it in a different theory. *Id.* (citing *Commonwealth v. Williams*, 863 A.2d 505, 512 (Pa. 2004)). The court explained that it had denied Hanson's motion for discovery as he failed to establish exceptional circumstances. *Id.* at 2 n.3. It denied Hanson's request for DNA testing, citing this Court's affirmance of the denial of a previous attempt to obtain DNA testing. *Id.* at 2 n.2 (citing *Commonwealth v. Hanson*, 894 A.2d 817 (Pa. Super. Dec. 5, 2005) (non-precedential decision)).

Hanson filed a petition seeking leave to amend his petition to add a new claim regarding the legality of imposing multiple sentences for conspiracy convictions. *See* Petition Seeking Leave to Amend, 9/4/2024, at 1-2. His response to the Rule 907 notice did not address the timeliness of the exception in any coherent fashion. *See* Rule 907 Response, 9/16/2024, at 1. In an order dated November 19, 2024, and entered the following day, the PCRA court denied Hanson's petition as untimely filed. PCRA Order, 11/20/2024, at 1. It also denied Hanson's request to amend the petition because his new claim was untimely and Hanson did not plead an exception. *Id.*

This appeal followed.[4,5] Hanson raises five issues for review:

1. Whether the PCRA court erred as a matter of law by denying relief under **Brady v. Maryland** where the Commonwealth suppressed a critical jailhouse witness agreement and confession that fundamentally undermined the integrity of [Hanson's] conviction?

2. Whether the PCRA court erred in denying [Hanson's] claim of illegal sentence under **Commonwealth v. []Lee**, where [Hanson] was convicted of second-degree murder without a finding of malice or specific men's [sic] rea?

3. Whether the PCRA court erred in denying [Hanson's] request for post[-]conviction DNA testing under 42 Pa.C.S. § 9543.1 by refusing to allow testing under newly available scientific methods including Investigative Genetic Genealogy?

4. Whether the PCRA court abused its discretion in denying [Hanson's] motion for discovery regarding the prosecution's secret jailhouse witness, despite exceptional circumstances warranting disclosure under due process?

---

[4] Hanson's pro se notice of appeal was filed on January 23, 2025. Because it was facially untimely, we ordered Hanson to show cause as to why this Court should not quash his appeal. **See** Pa.R.A.P. 105(b) ("an appellate court … may not enlarge the time for filing a notice of appeal."); Pa.R.A.P. 903(a) ("the notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken."); Pa.R.Crim.P. 910 ("An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal."). Hanson responded, attaching a cash slip dated December 1, 2024. We are satisfied that Hanson's appeal is timely filed pursuant to the prisoner mailbox rule. **See** Pa.R.A.P. 121(f) ("A pro se filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence).

[5] Hanson and the PCRA court complied with Pa.R.A.P. 1925.

5. Whether the PCRA court erred in dismissing [Hanson's] petition without an evidentiary hearing where newly discovered evidence raised material issues of fact?

Hanson's Brief at 5-6.

Before we may address any of Hanson's issues, we must first determine whether Hanson timely filed his PCRA petition, or meets a timeliness exception, as the timeliness requirement is "mandatory and jurisdictional in nature." **Commonwealth v. Brown**, 141 A.3d 491, 499 (Pa. Super. 2016). If a PCRA is untimely filed, and no exception applies, neither the trial court nor the appellate courts have jurisdiction to decide the merits of the claims raised in the petition. **See Commonwealth v. Reid**, 235 A.3d 1124, 1143 (Pa. 2020). "As the timeliness of a PCRA petition is a question of law, our standard of review is de novo and our scope of review is plenary." **Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

All PCRA petitions, including second or subsequent petitions, must be filed within one year of the date when the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). The petitioner can only overcome this jurisdictional time bar by pleading and proving one of three statutory exceptions to the general timeliness requirement codified at 42 Pa.C.S. § 9545(b)(1)(i)–(iii). **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017). Additionally, a PCRA petition relying upon these statutory exceptions must be "filed within one year of the date the claim could have been

presented." 42 Pa.C.S. § 9545(b)(2). The petitioner bears the burden to allege and prove that one of the timeliness exceptions applies. *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

Hanson's petition is patently untimely, having been filed just shy of thirty-six years after his sentence became final.[6] He attempts to establish two exceptions to the time bar. As this Court explained when affirming the dismissal of his sixteenth petition based upon its untimeliness, the governmental interference exception codified at 42 Pa.C.S. § 9545(b)(1)(i)

> permits an otherwise untimely PCRA petition to be filed if it pleads and proves that the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States. This exception requires a petitioner to show that but for the interference of a government actor he could not have filed his claim earlier.

*Hanson*, 296 A.3d 641, at *2 (citing *Commonwealth v. Staton,* 184 A.3d 949, 955 (Pa. 2018)); *see also* 42 Pa.C.S. § 9545(b)(1)(i).

Further, we explained that the "newly-discovered facts exception requires a petitioner to plead and prove, by a preponderance of the evidence,

---

[6] Hanson's judgment of sentence became final on June 21, 1988, ninety days after our Supreme Court denied his petition for allowance of appeal and the time for filing a writ of certiorari to the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3) (providing that a judgment becomes final for purposes of the PCRA at the conclusion of direct review or at the expiration of time for seeking direct review); Sup. Ct. R. 13(1) (establishing the deadline for filing a writ of certiorari seeking review of a state court judgment as ninety days after a state court of last resort entered an order denying discretionary review).

that (1) the facts upon which the claim was predicated were unknown, and (2) the facts could not have been ascertained by the exercise of due diligence." **Hanson**, 296 A.3d 641, at *3 (citing **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017)); **see also** 42 Pa.C.S. § 9545(b)(1)(ii). A determination of whether facts are unknown to the petitioner and could have been discovered with due diligence is "a circumstance-dependent analysis of the petitioner's knowledge, not that of the public at large." **Commonwealth v. Small**, 238 A.3d 1267, 1283 (Pa. 2020). Whether a petitioner has satisfied the newly discovered fact exception under section 9545(b)(1)(ii) is "analytically distinct" from the merits of a substantive after-discovered evidence claim under section 9543(a)(2)(vi). **Commonwealth v. Robinson**, 185 A.3d 1055, 1059 (Pa. Super. 2018) (en banc) (citing **Commonwealth v. Bennett**, 930 A.2d 1264, 1270-72 (Pa. 2007)). As such, the newly-discovered facts exception "does not necessitate proof of the elements of a claim of after-discovered evidence." **Small**, 238 A.3d at 1286.

"Due diligence demands that the petitioner take reasonable steps to protect his own interests." **Commonwealth v. Williams**, 324 A.3d 569, 576 (Pa. Super. 2024) (citation omitted). "A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted). However, when examining due diligence, we bear in mind that it "does not require perfect vigilance and

punctilious care, but merely a showing the party has put forth reasonable effort to obtain the information upon which a claim is based." ***Commonwealth v. Cox***, 146 A.3d 221, 230 (Pa. 2016) (quotation marks and citation omitted).

Hanson's petition relies solely upon Brown's recitation of the alleged conspiracy between Dead Eye and Seip, and DDA Tomsho's coverup of the unconsummated plea deal with Dead Eye.[7]  ***See*** PCRA Petition, 6/4/2024, at 3-4.  Thus, the new fact that Seip allegedly learned was that Dead Eye was going to falsify information against him in exchange for a plea deal but that Dead Eye later implicated Seip instead, which DDA Tomsho withheld in order to knowingly pursue false testimony from Seip.

---

[7]  Although not mentioned by the PCRA court in its orders dismissing the petition, Hanson's petition also attempted to invoke the timeliness exception for a newly recognized constitutional right.  ***See*** PCRA Petition, 6/3/2024, at 15-16 (citing 42 Pa.C.S. § 9545(b)(iii)).  In support of this exception, Hanson cited to ***Commonwealth v. Lee***, a case pending before the Supreme Court of Pennsylvania that is set to address the constitutionality, under the Eighth Amendment of the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution, of a mandatory sentence of life imprisonment without parole in a second-degree murder case where the defendant did not kill or intend to kill.  ***See Commonwealth v. Lee***, 313 A.3d 452 (Pa. 2024) (granting petition for allowance of appeal).  A mere grant of petition for allowance of appeal clearly is not equivalent to a newly recognized and retroactively applied constitutional right.  ***See*** 42 Pa.C.S. § 9545(b)(iii) (providing exception for petitions asserting "a constitutional right that was **recognized** by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section **and** has been **held by that court to apply retroactively**") (emphasis added).

Hanson falls short of his pleading burden for the newly-discovered fact exception. He neither alleges nor offers to prove who Brown is, the nature of his relationship to Hanson or the alleged co-conspirators, the basis of Brown's knowledge about the alleged conspiracy or the prosecutor's coverup, or any specifics about what Brown told him. Beyond a bald accusation that DDA Tomsho withheld this information from him, he does not establish how he will prove that DDA Tomsho did so or why he could not have otherwise learned this information sooner absent Brown fortuitously providing him this information several decades after his conviction. Furthermore, given that he has maintained for years that Seip and DDA Tomsho had a secret deal to falsify information against him,[8] the only new information is Dead Eye's role in this scheme. Other than trying to invoke **Small** for a broader proposition for which it stands, **see** PCRA Petition, 6/4/2024, at 5-6, Hanson made no

_____

[8] Dating back to at least 2007, Hanson has repeatedly (and unsuccessfully) sought collateral relief based upon a secret plea deal between the Commonwealth and Seip that extends beyond the terms of the deal disclosed at Hanson's trial. **See Commonwealth v. Hanson**, 1326 EDA 2008, 981 A.2d 920, at *2, 15-17 (Pa. Super. 2009) (non-precedential decision) (affirming dismissal of 2007 PCRA petition alleging Commonwealth did not disclose full terms of Seip's plea deal in violation of **Brady**; Hanson established through Seip's testimony only that Seip "hope[d]" that he would receive less time if he testified against Hanson); **Hanson**, 296 A.3d 641, at *3 n.7 (recounting history of Hanson's petitions alleging existence of a secret plea deal). This Court has consistently held that "there was no secret plea deal between Seip and the Commonwealth, that the plea Seip entered on the record is a full and accurate representation of the agreement he reached with the Commonwealth, and, that [Hanson] is fully aware of its nature." **Hanson**, 296 A.3d 641, at *4.

attempt to establish why he would not have learned about Dead Eye sooner. Contrary to Hanson's contention, **Small** does not inherently exempt him from exercising due diligence regarding this person's identity and purpose in the courtroom simply because he was incarcerated, as the court still must analyze his personal knowledge and circumstances. **See Small**, 238 A.3d at 1283.[9]

He also fails to satisfy his burden for pleading the government interference exception. Here, the operative fact is DDA Tomsho's alleged coverup of Dead Eye's changing statements and reneged plea deal. Beyond unsupported accusations riddled with layers of hearsay, he does not explain how Brown knows this or how Hanson would prove that DDA Tomsho did this. Although he supposedly was aware of a suspicious person in the courtroom all along, he does not explain how or why his failure to raise this claim earlier was the result of DDA Tomsho's ongoing failure to disclose this information. **See Commonwealth v. Towles**, 300 A.3d 400, 416 (Pa. 2023) (affirming dismissal of untimely PCRA based upon petitioner's failure to establish that governmental interference was the reason he could not have presented the claim sooner).

As for his challenge to the PCRA court's denial of his request for discovery, rule 902(E)(1) prohibits discovery "at any stage of the proceedings,

---

[9] Indeed, Hanson should be well aware of **Small's** holding in that regard. **See Hanson**, 2023 WL 2658090, at *6 (rejecting Hanson's attempt to use **Small** in a similar fashion).

except upon leave of court after a showing of exceptional circumstances."
Pa.R.Crim.P. 902(E)(1). The determination of whether the petitioner
established exceptional circumstances is within the PCRA court's discretion.
***Commonwealth v. Frey***, 41 A.3d 605, 610 (Pa. Super. 2012). "[A] PCRA
court does not abuse its discretion in failing to find exceptional circumstances
warranting discovery in furtherance of an untimely petition."
***Commonwealth v. Wharton***, 263 A.3d 561, 573 (Pa. 2021). No relief is
due.

Finally, unlike his other claims, a request for DNA testing pursuant to
section 9543.1 is not subject to the PCRA time bar. ***Commonwealth v.
Alvin***, 328 A.3d 78, 82–83 (Pa. Super. 2024); ***see also*** 42 Pa.C.S. § 9543.1;
***Commonwealth v. Hardy***, 337 A.3d 385, 404 (Pa. 2025). However, Hanson
has waived review of this issue by completely failing to develop it in his brief.
His entire argument that the PCRA court erred by denying his request for DNA
testing is a bare assertion in a subheading stating that the PCRA court erred
in denying his motion, paired with a sentence asserting that the methodology
pursuant to which he sought DNA testing—"Investigative Genetic
Genealogy"—was unavailable at the time of trial. Hanson's Brief at 7. He
does not even explain what evidence he sought to have tested. ***See id.*** at 4,
7. Without any discussion of the facts in the record, rationale explaining why
he believes the trial court erred, and the authorities upon which he relies, he
has waived appellate review of this claim of error. ***See*** Pa.R.A.P. 2119(a)

(stating that the argument section of an appellate brief shall contain "such discussion and citation of authorities as are deemed pertinent"); *see also Commonwealth v. Johnson*, 985 A.2d 915, 924-25 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived") (citations omitted). Separately, his motion for discovery as to this claim makes no mention of Investigative Genetic Genealogy, and he has therefore waived this issue by failing to present it to the PCRA court in the first instance. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").[10]

Because Hanson's petition did not satisfy his burden for pleading and proving an exception to PCRA's time bar, we affirm the PCRA Court's dismissal of his petition for lack of jurisdiction. *See* 42 Pa.C.S. § 9545(b); *Beasley*, 741 A.2d 1258, 1261. Furthermore, the PCRA court did not abuse its discretion in denying his request for discovery in furtherance of an untimely-

_____

[10] We also note that Hanson has repeatedly attempted to obtain DNA testing of evidence at the crime scene in an effort to prove that Seip was the perpetrator of the rape and strangling by pantyhose. Because Hanson admitted to being present during the act and to disposing of the victim's body, and the Commonwealth's alternative theory at trial was based upon accomplice liability, even if DNA at the scene was found to belong to Seip and not to Hanson, such evidence would not be exculpatory. *See, e.g.*, *Commonwealth v. Hanson*, 3277 EDA 2004, 894 A.2d 817, at 17-18 (Pa. Super. Dec. 5, 2005) (non-precedential decision).

filed PCRA petition. **See Wharton**, 263 A.3d at 573. Finally, because Hanson

waived appellate review of his issue regarding the denial of his motion for DNA

testing, we affirm the PCRA court's order in this regard as well. **See** Pa.R.A.P.

302(a), 2119(a); **Johnson**, 985 A.2d at 924-25.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>2/24/2026</u>