J-S01025-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH CHARLES SMITH | : | |
| | : | |
| Appellant | : | No. 1000 WDA 2024 |

Appeal from the PCRA Order Entered July 2, 2024
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008807-2003

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH CHARLES SMITH | : | |
| | : | |
| Appellant | : | No. 310 WDA 2025 |

Appeal from the PCRA Order Entered July 2, 2024
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0010345-2004

BEFORE:   BOWES, J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:          **FILED: March 24, 2026**

Joseph Charles Smith appeals *pro se* from the order of the Court of

Common Pleas of Allegheny County dismissing his petition pursuant to the

Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, without a

_____

[*] Former Justice specially assigned to the Superior Court.

hearing. Smith argues that the PCRA court abused its discretion in dismissing his PCRA petition as untimely without a hearing. We affirm.

This Court previously set forth the underlying factual history of this matter:

> On April 30, 2003, four co-conspirators in ski masks kidnapped David Williams, Lakeenah Fitts, and their infant child. The assailants beat Williams and demanded $150,000 ransom. There ensued a frantic effort by Williams and Fitts to obtain sufficient funds from various relatives and friends to pay the ransom. The kidnappers drove Williams, Fitts, and their child around in Williams' van, as they tried to get the money. One of the people they tried to get ransom money from was Erica Lunsford, a former girlfriend of Williams. When the efforts ultimately failed, Williams' captors shot and killed him. The kidnappers left Williams, dead or dying, in his van, alone with his infant daughter.
>
> Around that time, a 911 call reported that two black males wearing ski masks were seen jumping out of a white van and getting into a blue S–10 Chevy blazer. The police subsequently found the blazer. It had been set on fire and was severely damaged. The blazer belonged to [Smith].
>
> Ms. Fitts eventually identified [Smith] as the driver in the kidnapping.[FN1] [Smith] concedes that he was the owner of the getaway blazer, and that it was subsequently burnt. [Smith] first agreed to turn himself in to the police with his lawyer, but fled instead. He was captured by the fugitive squad a year later.
>
> > FN1: Ms. Fitts and Ms. Lunsford independently identified [Smith]. Both testified they had seen him briefly remove his mask. Ms. Fitts had initially identified someone else, John Brazella, as the getaway driver. Police led Ms. Fitts to Brazella because the vehicle he owned resembled the description of the getaway van. [Smith] was eventually identified as the owner of the getaway vehicle. Ms. Fitts identified him as the kidnap driver from a photo array.
>
> At trial, defense counsel cross-examined Ms. Fitts on her earlier identification of Brazella and her subsequent identification of

> [Smith]. Ms. Lunsford also identified [Smith. Smith] testified in his own defense, denying any involvement in the kidnap or murder. (*See* N.T. Trial, 2/08/05, at 487). He admitted ownership of the Chevy blazer (conceding that he did not have a driver's license), but claimed it had been stolen on the day of the kidnapping, shortly before it was burned.
>
> A jury convicted [Smith] of murder of the second degree, kidnapping, burglary, robbery and conspiracy. The trial court imposed the mandatory sentence of life imprisonment for the murder and a concurrent term of not less than ten nor more than twenty years' imprisonment for the criminal conspiracy conviction.

*Commonwealth v. Smith*, 113 A.3d 355, 2014 WL 10787928, at *1 (Pa. Super. filed Nov. 21, 2014) (unpublished memorandum). On March 12, 2008, this Court affirmed his judgment of sentence. *See Commonwealth v. Smith*, 953 A.2d 606 (Pa. Super. filed Mar. 12, 2008) (unpublished memorandum). The Pennsylvania Supreme Court denied further review on March 2, 2010. *See Commonwealth v. Smith*, 990 A.2d 729 (Pa. 2010).

Smith filed a timely first PCRA petition on July 2, 2010, which the PCRA court denied. On November 21, 2014, this Court quashed Smith's appeal for briefing deficiencies, and our Supreme Court denied his petition for permission to appeal on June 10, 2015. *See Commonwealth v. Smith*, 113 A.3d 355, 2014 WL 10787928, at *4 (Pa. Super. filed Nov. 21, 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015).

Smith filed the instant *pro se* PCRA petition on June 22, 2022, and an amended/supplemental petition on September 15, 2023. Smith raised a claim of after discovered evidence. He averred that on June 20, 2021, he received a message that Fitts wrote a book, "Broken Pieces," published in August 2020,

about the kidnapping and Williams's murder and asked a prison staff member to research the book. On June 29, 2021, the prison staff member confirmed the existence of the book and, upon Smith's request, ordered it for Smith. Smith received the book on July 7, 2021.

Smith proffers various excerpts from the book, including: Fitts proclaiming that the book contains her "whole truth"; when investigators were keeping Fitts informed about the progress of the investigation she "was given so much information that I really didn't have to ask any questions[;]" that she "will never know," "what really happened" to Williams; and "the only person that may have been able to find out what really happened to [Williams] is no longer here."[1] **See** PCRA Petition, 6/22/22, at 5-7, 12-13. Smith claims that these statements in the book "infer[]" that Fitts could not identify Smith as the driver and investigators committed misconduct by unduly influencing and manipulating Fitts to identify Smith as the driver. **See id.**

The Commonwealth filed an answer to Smith's PCRA petition.[2] On February 13, 2024, the PCRA court issued its notice of intent to dismiss

_____

[1] The Commonwealth and Smith agree that the person Fitts is referring to is "Uncle Kevin", who is now deceased.

[2] In its answer and appellate brief, the Commonwealth understands "Uncle Kevin's alleged unspecific knowledge" to be the predicate fact on which Smith's claim relies. Appellee's Brief, at 14; **see also** Commonwealth's Answer, at 8-9. Our understanding of Smith's argument is that the predicate facts he rests his claim on are Fitts's statements that purportedly demonstrate her uncertainty about "what really happened." Therefore, we do not address the Commonwealth's argument in any detail.

because Smith's petition was untimely, with no applicable timeliness exception. On July 2, 2024, the PCRA court issued an opinion and order dismissing his PCRA petition without a hearing. The PCRA court briefly explained that Smith failed to satisfy the newly discovered fact timeliness exception because "[t]he current 2022 petition does not set forth any facts that would bring it within the exception to the one-year time limitation and, as such, should be dismissed." PCRA Court Opinion, 7/2/24, at 4 (pagination added for ease of reference).

Smith appealed *pro se* and filed a court ordered concise statement of matters complained of on appeal. *See* Pa.R.A.P. 1925(b). The PCRA court adopted its July 2, 2024, opinion for purposes of Pennsylvania Rule of Appellate Procedure 1925. *See* Pa.R.A.P. 1925(a).

Smith raises the following issues for our review.

> I. Was the PCRA court['s] determination of timeliness supported by the record and free of legal error[?]
>
> II. Did the PCRA court abuse its d[i]scretion in denying his request for an evidentiary hearing when there are material issues of fact raised and left unresolved in determining whether [Smith's] petition is timely[?]

Appellant's Brief, at 4 (unnecessary capitalization omitted).

Our standard of review is well established:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an

- 5 -

evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion.

***Commonwealth v. Wilson***, 273 A.3d 13, 18 (Pa. Super. 2022) (citation omitted). "It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." ***Commonwealth v. Williams***, 244 A.3d 1281, 1287 (Pa. Super. 2021) (citation omitted).

"[T]he PCRA's time limitations are jurisdictional[.]" ***Commonwealth v. Green***, 14 A.3d 114, 117 (Pa. Super. 2011) (citation omitted). A PCRA petition must be filed "within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves" an applicable exception. 42 Pa.C.S.A. § 9545(b)(1). Any claim invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

It is undisputed that Smith's petition was filed more than one year after the date his judgment became final. Therefore, he had to establish an exception to the PCRA's timeliness requirement.

Relevant here is the newly discovered fact exception. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii). The newly discovered fact exception "requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." ***Commonwealth v. Balestier-Marrero***, 314 A.3d 549, 554 (Pa. Super.

2024), *appeal denied*, 330 A.3d 1245 (Pa. 2024) (citations omitted). "Due diligence requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief, but does not require perfect vigilance or punctilious care." **Commonwealth v. Hart**, 199 A.3d 475, 481 (Pa. Super. 2018) (citation, brackets, and internal quotation marks omitted).

Application of the newly discovered facts exception "does not require any merits analysis of the underlying claim[.]" **Commonwealth v. Williams**, 324 A.3d 569, 576 (Pa. Super. 2024), *appeal denied*, 333 A.3d 304 (Pa. 2025) (citation omitted). However, "while we need not find a 'direct connection' between the newly-discovered facts and the claims asserted by a petitioner, the statutory language requires there be some relationship between the two." **Commonwealth v. Shannon**, 184 A.3d 1010, 1017 (Pa. Super. 2018). "The facts must be newly-discovered not merely newly-discovered or newly-willing sources that corroborate previously known facts or previously raised claims." **Commonwealth v. Mickeals**, 335 A.3d 13, 21 (Pa. Super. 2025) (citation and internal quotation marks omitted).

Smith argues that his petition was timely because he exercised due diligence by filing his petition within one year of learning of the existence of the statements in the book. **See** Appellant's Brief, at 19-22. Further, he argues that the predicate "facts," *i.e.*, Fitts's statements in her book, are related to his underlying claim of law enforcement coercing Fitts to identify him as the

driver by demonstrating that Fitts falsely identified him. ***See id.*** at 23-25. Therefore, according to him, the PCRA court erred in dismissing his petition as untimely without conducting a proper analysis or holding a hearing. ***See id.*** at 27-29.

Smith's argument is without merit because he has not adequately demonstrated "some relationship" between the predicate facts he asserts and his claim of law enforcement manipulating Fitts to identify him. Fitts's statement that she "will never know" "what happened" to Williams could refer to a plethora of things related to the murder of Williams. Nothing in the excerpts suggests that Fitts was uncertain of her identification of Smith. Under these circumstances, an evidentiary hearing would only serve as an unnecessary fishing expedition for Smith to try to further probe the meaning of Fitts's statements, or otherwise establish his speculative claim of police misconduct. PCRA petitioners are not entitled to such hearings. ***See Commonwealth v. Castro***, 93 A.3d 818, 828 (Pa. 2014) ("An evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim.") (citation, brackets, and ellipses omitted).

In sum, Smith claims that he has discovered new facts that support his claim that police misconduct caused Fitts to falsely identify him. The newly discovered facts Smith pleads bear no relationship to his speculative claim. ***See Commonwealth v. Hill***, 339 A.3d 393, 2025 WL 1090424, at *4 (Pa.

Super. filed April 10, 2025), *appeal denied*, 348 A.3d 87 (Pa. 2025) (unpublished memorandum) (finding no relationship between police misconduct allegations in a newspaper article and the appellant's PCRA claim because the article "does not cite any evidence of wrongdoing by the prosecutors or officers that may be linked to [the a]ppellant's case.").[3] Therefore, because there is not "some relationship" between the predicate facts in Smith's PCRA petition and his substantive claim, the trial court properly exercised its discretion in finding he failed to satisfy the newly discovered fact timeliness exception. **See Shannon**, 184 A.3d at 1017.

Accordingly, we affirm the PCRA court's order dismissing Smith's petition as untimely without a hearing.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

3/24/2026

---

[3] "Pursuant to Pa.R.A.P. 126(b), we may rely on unpublished memoranda issued after May 1, 2019, for their persuasive value." **Commonwealth v. Pointer**, 348 A.3d 1216, 1231 n.1 (Pa. Super. 2025).