J-A06044-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN MONTIER PINER | : | |
| | : | |
| Appellant | : | No. 404 WDA 2025 |

Appeal from the PCRA Order Entered March 19, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000140-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN MONTIER PINER | : | |
| | : | |
| Appellant | : | No. 719 WDA 2025 |

Appeal from the PCRA Order Entered March 19, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000141-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN MONTIER PINER | : | |
| | : | |
| Appellant | : | No. 720 WDA 2025 |

Appeal from the PCRA Order Entered March 19, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000143-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
| :--- | :--- | :--- |
| v. | : |  |
|  | : |  |
|  | : |  |
| STEPHEN MONTIER PINER | : |  |
|  | : |  |
| Appellant | : | No. 721 WDA 2025 |

Appeal from the PCRA Order Entered March 19, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000144-2012

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| STEPHEN MONTIER PINER | : |  |
|  | : |  |
| Appellant | : | No. 722 WDA 2025 |

Appeal from the PCRA Order Entered March 19, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000146-2012

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| STEPHEN MONTIER PINER | : |  |
|  | : |  |
| Appellant | : | No. 725 WDA 2025 |

Appeal from the PCRA Order Entered March 19, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000150-2012

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |

STEPHEN MONTIER PINER    :
    :
    Appellant    :    No. 726 WDA 2025

Appeal from the PCRA Order Entered March 19, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000151-2012

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
    :    PENNSYLVANIA
    :
    v.    :
    :
    :
STEPHEN MONTIER PINER    :
    :
    Appellant    :    No. 727 WDA 2025

Appeal from the PCRA Order Entered March 19, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000153-2012

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
    :    PENNSYLVANIA
    :
    v.    :
    :
    :
STEPHEN MONTIER PINER    :
    :
    Appellant    :    No. 728 WDA 2025

Appeal from the PCRA Order Entered March 19, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000159-2012

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
    :    PENNSYLVANIA
    :
    v.    :
    :
    :
STEPHEN MONTIER PINER    :
    :
    Appellant    :    No. 729 WDA 2025

Appeal from the PCRA Order Entered March 19, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000160-2012

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN MONTIER PINER | : | |
| | : | |
| Appellant | : | No. 730 WDA 2025 |

Appeal from the PCRA Order Entered March 19, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000161-2012

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN MONTIER PINER | : | |
| | : | |
| Appellant | : | No. 731 WDA 2025 |

Appeal from the PCRA Order Entered March 19, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000163-2012

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN MONTIER PINER | : | |
| | : | |
| Appellant | : | No. 732 WDA 2025 |

Appeal from the PCRA Order Entered March 19, 2025

In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001026-2012

BEFORE:  OLSON, J., MURRAY, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED: June 18, 2026**

In these consolidated appeals, Stephan Montier Piner ("Piner") appeals pro se from the order entered by the Blair County Court of Common Pleas dismissing his third petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Because we agree with the PCRA court that Piner's petition was untimely, albeit for different reasons, we affirm.

In 2011, Piner was charged in the thirteen cases referenced in the caption of this decision relating to his involvement in a cocaine trafficking enterprise in Blair County, Pennsylvania.  On February 11, 2015, the third day of a jury trial scheduled to last for three weeks, Piner pled guilty to eighteen counts of possession with intent to deliver a controlled substance ("PWID"), ten counts of criminal use of communication facility, and one count each of dealing in proceeds of unlawful activity, corrupt organizations, criminal conspiracy to commit corrupt organizations, and criminal conspiracy.  The trial court immediately sentenced Piner to an aggregate term of twenty to forty years of incarceration and imposed $112,000.00 in fines.

---

[1]  42 Pa.C.S. §§ 9541-9546.

Piner filed a post-sentence motion, followed by a motion to withdraw his guilty plea. The trial court denied both motions and Piner appealed to this Court. On August 1, 2017, this Court vacated the portions of his sentences requiring him to pay fines but otherwise affirmed the judgments of sentence. *See Commonwealth v. Piner*, 540 WDA 2015, 2017 WL 3263790 at *6 (Pa. Super. Aug. 1, 2017) (non-precedential decision).

On August 9, 2017, prior to the expiration of the time for seeking review of his direct appeal with the Supreme Court, Piner pro se filed a PCRA petition. In relevant part, Piner alleged that there was an unspecified conflict of interest involving, at a minimum, "Judge Milliron[,] AG. Dave Gorman, DA-Consiglio and others known and unknown." PCRA Petition, 8/9/2017, ¶¶ 5, 14. The PCRA court appointed Attorney Paul Puskar to represent Piner, who withdrew shortly thereafter when private counsel, Attorney Matthew Dombrosky, entered his appearance. Following a status conference, the PCRA court dismissed Piner's pro se petition as premature and ordered Piner to file a new petition with the assistance of Attorney Dombrosky.

Piner filed a timely, counseled petition on May 1, 2018. This petition raised various claims pertaining to the alleged ineffectiveness of Piner's trial counsel but did not raise the conflict-of-interest allegations. *See* PCRA Petition, 5/1/2018, ¶ 9. Following an evidentiary hearing, the PCRA court dismissed Piner's petition on March 15, 2019. This Court affirmed the dismissal on appeal and our Supreme Court declined his request for further

review. ***Commonwealth v. Piner***, 237 A.3d 421 (Pa. Super. May 7, 2020) (non-precedential memorandum), *appeal den'd*, 239 A.3d 1091, 1092 (Pa. Sept. 27, 2020).

Piner filed another PCRA petition on October 8, 2020. In the petition, which he filed pro se, he averred, inter alia, that there was a conflict of interest because various individuals involved in prosecuting his case, including "Attorney General agents, Judges[,] District Attorney, and Police Officers," were associated with Operation Our Town as members of the board or steering committee, and/or were being paid by Operation Our Town. ***See*** PCRA Petition, 10/8/2020, ¶¶ 6, 15. The PCRA court appointed Attorney Puskar to represent Piner and provided a deadline for filing a counseled petition. On December 28, 2020, Piner filed a supplemental petition, again pro se, indicating therein that Attorney Puskar had no contact with him and did not file a counseled petition by the deadline.

Following a status conference, the Commonwealth filed a motion to dismiss, arguing that his petition was untimely filed. The PCRA court agreed. It dismissed the petition for lack of jurisdiction, finding it was filed more than a year after his judgment of sentence became final and did not meet any enumerated exception to the statutory time bar. PCRA Court Order, 8/6/2021, at 4-5. Responding to Piner's specific contentions, it found that he did not establish any government interference and that any new evidence learned from his co-defendant Jermaine Samuel had previously been available to him.

*Id.* Piner filed a notice of appeal, which was docketed at 975 WDA 2021. This Court subsequently discontinued his appeal at his request.

Piner filed the instant petition pro se on February 13, 2024. In his latest petition, he claimed that he was eligible for relief under section 9543(a)(2)(i) (relating to a constitutional violation undermining the truth-determining process) and (vi) (related to availability of after-discovered exculpatory evidence). PCRA Petition, 2/13/2024, ¶ 4. Without referencing his guilty plea, he averred that he was denied his right to due process and a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution because Peter J. Weeks, the attorney who prosecuted his case, received funds from Operation Our Town, a privately funded public interest drug interdiction and enforcement group, which "interjected irrelevant and impermissible factors and considerations into the prosecutorial case." *Id.*, ¶ 6. He further accused Weeks, who is now Blair County's elected District Attorney, of operating, controlling, or using an illegal bank account in the same privately funded group. *Id.* Piner alleges that he is entitled to a new trial because Attorney Weeks' participation in Operation Our Town created a conflict with the prosecutor's duty to seek justice and incentivized the prosecutor to obtain convictions. *Id.*, ¶ 9.

Piner invoked the government interference and newly-discovered fact exceptions to the PCRA's time bar and averred he discovered this information in November 2023 from three sources: (1) an article in the Altoona Mirror

"suggesting misconduct within the Blair County [District Attorney's] Office [i]nvolving illegal banks accounts"; (2) "family," with no further details provided; and (3) Attorney Weeks' admission via an August 8, 2023 stipulation in Thomas Rhone's PCRA case, which he learned about when he received a brief from Rhone, a fellow inmate. *Id.* ¶¶ 5-6.

In support of his averments, Piner attached a declaration from Rhone attesting that: (1) during an evidentiary PCRA hearing on August 8, 2023, District Attorney Weeks entered into certain stipulations regarding his salary and funding provided to him by Operation Our Town; approximately two weeks later, Rhone informed Piner of Weeks' stipulation in a conversation while they were confined to the same prison block; and during the first week of November 2023, Rhone shared a brief filed by his attorney with Piner. PCRA Petition, 2/17/2024, Exhibit 1 (Rhone Declaration, 2/9/2024, ¶¶ 2-4).

The petition further attached the Altoona Mirror article referenced in the petition, which reported that the Blair County chapter of NAACP released a report following a two-year investigation, which "infers that the relationship between the Blair County District Attorney's Office and Operation Our Town is fraught with ethical and possible legal issues." *Id.*, Exhibit 3 (11/25-26/2023 Altoona Mirror article). The article discusses NAACP's concerns about funding public drug task force operations with privately-funded money, an unaudited bank account kept separate from Blair County's general fund in the name of the District Attorney's Office used as a special operations fund to channel the

Operation Our Town funding, and alleged civil rights violations and law enforcement misconduct related to the targeting of Piner and his brother. ***Id.***, Exhibit 3. It also contained denials by District Attorney Weeks.

Lastly, Piner attached documents purporting to be a March 3, 2011 request for Operation Our Town funds by Anthony L. Sassano of the Pennsylvania Office of the Attorney General to pay Blair County Drug Task Force officers overtime in connection with the investigation against Piner and an approval by then-Blair County District Attorney Richard A. Consiglio; another Altoona Mirror article dated December 2-3, 2023; and an excerpt from a brief filed by Rhone's counsel in his PCRA matter describing a stipulation by Attorney Weeks wherein he agreed that his prosecutor salary was funded in part through Operation Our Town. PCRA Petition, 2/17/2024, Exhibits 2, 4-5.

By order dated December 13, 2024, and entered four days later, the PCRA court issued notice pursuant to Pennsylvania Rule of Criminal Procedure 907(1) that it intended to dismiss the petition because there were no genuine issues of material fact, Piner was not entitled to relief, and no purpose would be served by any further proceedings. Rule 907 Notice, 12/17/2024, at 1. Beyond reproducing general language from Rule 907, the notice did not state the reasons for the dismissal. ***See*** Pa.R.Crim.P. 907(1) ("If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge

shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal."). A handwritten note on the order indicates that the prothonotary served the order to Piner through the "Smart Communicator" at SCI Huntingdon. On March 19, 2025, having received no response from Piner, the PCRA court dismissed Piner's petition without a hearing. PCRA Court Order, 3/19/2025, at 1.

This timely appeal followed. The PCRA court did not order Piner to file a concise statement but filed an opinion indicating that it dismissed the petition as untimely because Piner did not file his petition within sixty days of his discovery of the Altoona Mirror article. PCRA Court Opinion, 5/28/2025, at 3 (citing 42 Pa.C.S. § 9545(b)(2)). Alternatively, it found Piner's petition to lack merit because he neither identified clear misconduct by Attorney Weeks nor cited caselaw "holding that a new trial is appropriate where a prosecutor has applied for and received funding from a public interest group while pursuing a conviction." *Id.*

Piner raises four issues for our review, claiming that the PCRA court erred or abused its discretion by refusing to grant a hearing, failing to serve him with the Rule 907 notice, using a timeframe for presenting a claim that no longer is in effect, and concluding that Piner did not establish the government interference or newly-discovered fact exceptions to the time-bar. *See* Piner's Brief at 3.

Because the timeliness requirement is "mandatory and jurisdictional in nature," we first determine whether Piner timely filed his PCRA petition or met a timeliness exception. *Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016). If a PCRA is untimely filed, and no exception applies, neither the PCRA court nor the appellate courts have jurisdiction to decide the merits of the claims raised in the petition. *See Commonwealth v. Reid*, 235 A.3d 1124, 1143 (Pa. 2020). "As the timeliness of a PCRA petition is a question of law, our standard of review is de novo and our scope of review is plenary." *Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

All PCRA petitions, including second or subsequent petitions, must be filed within one year of the date when the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). The petitioner can only overcome this jurisdictional time bar by pleading and proving one of three statutory exceptions to the general timeliness requirement codified at 42 Pa.C.S. § 9545(b)(1)(i)–(iii). *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). Additionally, a PCRA petition relying upon these statutory exceptions must be "filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). The petitioner bears the burden to allege and prove that one of the timeliness exceptions applies. *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

Piner's petition is untimely on its face, having been filed six years after his judgment of sentence became final.[2] He attempts to establish two exceptions to the time bar. The governmental interference exception, codified at 42 Pa.C.S. § 9545(b)(1)(i), which

> permits an otherwise untimely PCRA petition to be filed if it pleads and proves that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States."

*Commonwealth v. Staton*, 184 A.3d 949, 955 (Pa. 2018) (quoting 42 Pa.C.S. § 9545(b)(1)(i)). This exception requires a petitioner to show that "but for the interference of a government actor he could not have filed his claim earlier." *Id.* (quotation marks and citation omitted).

He also attempts to invoke the newly-discovered facts exception, which requires a petitioner to plead and prove, by a preponderance of the evidence, that (1) the facts upon which the claim was predicated were unknown to the petitioner, and (2) the facts could not have been ascertained by the exercise of due diligence. *Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017); *see also* 42 Pa.C.S. § 9545(b)(1)(ii). A determination of whether facts are

---

[2] Piner's judgment of sentence became final on August 31, 2017. *See* 42 Pa.C.S. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review."); Pa.R.A.P. 1113(a) (providing 30 days after entry of this Court's order to file petition for allowance of appeal with the Supreme Court).

- 13 -

unknown to the petitioner and could have been discovered with due diligence is "a circumstance-dependent analysis of the petitioner's knowledge, not that of the public at large." ***Commonwealth v. Small***, 238 A.3d 1267, 1283 (Pa. 2020). Whether a petitioner has satisfied the newly discovered fact exception under section 9545(b)(1)(ii) is "analytically distinct" from the merits of a substantive after-discovered evidence claim under section 9543(a)(2)(vi). ***Commonwealth v. Robinson***, 185 A.3d 1055, 1059 (Pa. Super. 2018) (en banc) (citing ***Commonwealth v. Bennett***, 930 A.2d 1264, 1270-72 (Pa. 2007)). As such, the newly-discovered facts exception "does not necessitate proof of the elements of a claim of after-discovered evidence." ***Small***, 238 A.3d at 1286.

"Due diligence demands that the petitioner take reasonable steps to protect his own interests." ***Commonwealth v. Williams***, 324 A.3d 569, 576 (Pa. Super. 2024) (citation omitted). "A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted). However, when examining due diligence, we bear in mind that it "does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort to obtain the information upon which a claim is based." ***Commonwealth v. Cox***, 146 A.3d 221, 230 (Pa. 2016) (quotation marks and citation omitted).

In determining that Piner's petition was filed untimely because he did not file his petition within sixty days of his discovery of the Altoona Mirror article, the PCRA court appears to have erroneously relied upon an outdated version of the statute. Section 9545(b)(2) was amended in 2018 and now provides that any petition invoking a timeliness exception must be filed within one year of the date the claim first could have been presented. *Commonwealth v. Beatty*, 207 A.3d 957, 963 (Pa. Super. 2019) (citing Act of Oct. 24, 2018, P.L. 894, No. 146, § 2).

While we disagree with the PCRA court's rationale, we agree with its ultimate determination that Piner's petition was untimely filed and that he failed to establish an exception to the time bar. "It is well settled that where the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself." *Commonwealth v. Singletary*, 803 A.2d 769, 772–73 (Pa. Super. 2002).

Piner failed to meet his burden of pleading the applicability of the governmental interference exception. While he alludes to general nefariousness by the government, he does not allege that a governmental actor did anything that prevented him from filing his claim earlier, which is required to establish the exception. *See Staton,* 184 A.3d at 955.

Piner's attempt to invoke the newly-discovered fact exception fails as well. His claim is that the Blair County District Attorney's office's entanglement with Operation Our Town created a conflict of interest that: (1)

violated the United States or Pennsylvania Constitution or laws of the United States which in the circumstances of his case so undermined the truth-determining process that no reliable adjudication could have taken place and/or (2) was previously unavailable exculpatory evidence that would have changed the outcome of his trial if it had been introduced. As presented by Piner, the fact upon which his claim is predicated is Operation Our Town's funding of Attorney Weeks' salary. This fact was not unknown to Piner. Piner has been alluding to a conflict of interest in general since his 2017 petition. In his 2020 petition, he specifically argued that the conflict of interest was the prosecution's involvement with Operation Our Town and claimed that the "District Attorney" and other government actors were members of a board or steering committee and were "getting paid by Operation Our Town." PCRA Petition, 10/18/2020, ¶¶ 6, 15 (capitalization altered).

Any other new information he claims to have learned may serve as new evidence of a known fact—Operation Our Town's funding of the district attorney's salary—but does not constitute a previously unknown fact upon which his claim is based. *See Commonwealth v. Brown*, 350 A.3d 12, 25-26 (Pa. 2026) ("[T]his Court has held that Section 9545(b)(1)(ii) is not satisfied when a petitioner merely relies upon a new source for previously known facts. Whether a petitioner meets the requirements of the newly discovered facts exception ultimately turns on the petitioner's knowledge of previously unknown facts, not new evidence of a known fact, related to his

- 16 -

claim.") (cleaned up). District Attorney Weeks' purported stipulation is not the fact upon which Piner's claims are predicated. Instead, it is the underlying substance of his stipulation, i.e., that his salary was funded by Operation Our Town, that is the fact upon which Piner's claims are predicated, and such fact has been known to Piner at least since 2020. *See Commonwealth v. Lopez*, 249 A.3d 993, 1000 (Pa. 2021) (rejecting reliance upon a "newly identified source in further support for these previously known facts" because the substance matched claims asserted in a prior collateral petition).

The Altoona Mirror articles attached to and referenced in his petition fare no better. The articles refer to NAACP's allegations that the relationship between the district attorney's office and Operation Our Town may be untoward and that the bank account linked to the district attorney's office may violate the Blair County Code or the Judicial Code of Ethics. PCRA Petition, 2/17/2024, Exhibit 3. These "allegations in the media, whether true or false," do not contain any "information regarding what evidence existed to substantiate this averment." *See Commonwealth v. Castro*, 93 A.3d 818, 825 (Pa. 2014). The specifics of the NAACP's report are not clear from the articles. All we know from the information Piner provided is that the NAACP released a report with its ethical and legal concerns. Furthermore, even if the article accurately represented NAACP's beliefs, and even if the NAACP's report had information that Piner could produce to substantiate these beliefs, the NAACP report is "simply another, albeit more specific, source for the same

general allegations" that the petitioner "leveled himself" in the past. *See Commonwealth v. Marshall*, 947 A.2d 714, 722 (Pa. 2008). In other words, even if Piner could prove this alleged bank account existed, it would constitute new evidence of the already-known-fact that private money from Operation Our Town funds public drug investigations and prosecutions, which underlies Piner's claim.

The article refers to NAACP President Andrae Holsey's allegation that Stephen Piner and his family were "targeted at a higher level than any other Drug Court Defendants in the entirety of records since 2011," and that NAACP's "[r]eviews of public records indicate allegations of misconduct by Kenneth and Stephen Piner may be founded," PCRA Petition, 2/17/2024, Exhibit 3, but Piner did not elaborate upon this aspect of Holsey's allegation in his petition or his appellate brief. While the newspaper's reporting of these allegations may have given Piner reason to investigate Holsey's statement and any information he had in support, it does not demonstrate, through allegations and documentary support, that this constitutes a previously unknown fact upon which Piner's claim is based. *See Brown*, 350 A.3d at 28.

Furthermore, Piner's petition also fails to establish the second prong of newly-discovered facts exception regarding due diligence. Glaringly absent from Piner's petition is any explanation of the reasonable efforts he employed to obtain the information upon which a claim is based. *See Commonwealth v. Cox*, 146 A.3d 221, 230-31 (Pa. 2016) (holding petitioner's failure to act

and to explain his lack of action precludes a finding of due diligence). Piner alleges this information fortuitously arrived through the newspaper article, "family," and Rhone, but makes no effort to explain why others had access to this information earlier but he did not.[3] Although one cannot presume that a petitioner knew information merely because it was in the public domain, Piner's incarceration does not exempt him from establishing that, given his individual knowledge and circumstances, the information could not have been ascertained by his exercise of due diligence. *See Small*, 238 A.3d at 1283.

Because Piner failed to meet his burden of pleading the applicability of any exception to the PCRA's time bar, both the PCRA court and this Court lack jurisdiction over the claims in his 2024 PCRA petition.[4] As such, we affirm the PCRA court's order, albeit with a different rationale.

_____

[3] Incidentally, Rhone's own PCRA claim alleging that Operation Our Town's use of private money to pay District Attorney Weeks' salary to prosecute drug cases in his public capacity violated his due process rights was dismissed for lack of jurisdiction; by failing to aver in his untimely filed PCRA petition when in 2021 he learned about Operation Our Town and why he could not have ascertained the information sooner using due diligence given that a newspaper article he attached to his petition was written in 2014, Rhone failed to establish the applicability of the newly-discovered facts exception. *See Commonwealth v. Rhone*, 351 A.3d 233, at *4-5 (Pa. Super. 2025) (non-precedential memorandum).

[4] As for Piner's claim that he did not receive the 907 notice despite the indication in the record that the PCRA court served him notice, this issue garners him no relief. Issuance of a Rule 907 notice is mandatory. *Commonwealth v. Munoz-Rodriguez*, 326 A.3d 952, 956 n.9 (Pa. Super. 2024). Nevertheless, "failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely." *Commonwe*
*(Footnote Continued Next Page)*

Order affirmed.


Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary


6/18/2026

---

**alth v. Zeigler**, 148 A.3d 849, 852 n.2 (Pa. Super. 2016); **see also Commonwealth v. Pursell**, 749 A.2d 911, 917 n.7 (Pa. 2000) (declining to afford a petitioner relief for failure to comply with Rule 907's procedure because the Supreme Court independently determined that the petitioner "failed to invoke the jurisdiction of the trial court by failing to plead and prove the applicability of the timeliness exception").